IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TONY R. BALLARD,

              **Plaintiff,**

      v.                                          CASE NO. 10-3031-SAC

STATE OF KANSAS, et al.,

              **Defendants.**

**O R D E R**

This matter is before the court on a court approved form complaint for seeking relief under 42 U.S.C. § 1983. Plaintiff, a prisoner incarcerated in a Kansas correctional facility, proceeds pro se, and seeks leave to proceed in forma pauperis without prepayment of the $350.00 district court filing fee for his § 1983 complaint. Because plaintiff did not support his in forma pauperis motion with certified financial records concerning his inmate trust fund account, the court grants plaintiff additional time to do so.

Additionally, the court finds it appropriate to determine whether this action should be treated as sounding in civil rights (42 U.S.C. § 1983) or in habeas corpus (28 U.S.C. § 2254).

In the complaint, plaintiff alleges he is being unlawfully confined in violation of federal and state law. Plaintiff cites being arrested in Nebraska on outstanding aggravated assault charges filed by Kansas authorities, and then waiving extradition to Kansas where the prosecutor amended the charges to charge attempted first degree murder and criminal possession of a firearm. Plaintiff claims he was never afforded an opportunity to challenge his

extradition on the more serious charges, and appears to argue this violated provisions of the Interstate Agreement on Detainers Act. Plaintiff is asking this court to void his Kansas sentence as imposed without jurisdiction, and to order plaintiff's immediate release. Plaintiff also seeks damages for each day of his alleged unlawful confinement.

"Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus." *Muhammad v. Close*, 540 U.S. 749, 750 (2004). Habeas corpus is a prisoner's exclusive remedy where he is challenging the fact or duration of his imprisonment and seeks a determination that he is eligible for immediate or speedier release from prison. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Exhaustion of state court remedies is required before federal habeas corpus relief can be granted to a prisoner challenging his confinement pursuant to a state court judgment. *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir.2002); *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir.1995). Although plaintiff also seeks damages, a damages claim under § 1983 is not cognizable if judgment in favor of plaintiff would necessarily implicate the validity of plaintiff's conviction or sentence. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

The court thus directs plaintiff to show cause why the complaint, although submitted under 42 U.S.C. § 1983, should not be liberally construed as seeking federal habeas corpus relief, and dismissed without prejudice because it is apparent on the face of the pleading that plaintiff has not yet exhausted state court

remedies on his allegations of unlawful confinement.[1] The failure to file a timely response will result in the complaint being so construed, and dismissed without prejudice.

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to provide certified financial records in support of his pending motion for leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why this action should not be construed by the court as seeking habeas corpus relief, and dismissed without prejudice based upon plaintiff's failure to exhaust state court remedies.

**IT IS SO ORDERED.**

DATED: This 16th day of November 2010 at Topeka, Kansas.

    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[1] Plaintiff is advised that a $5.00 district court filing fee applies to habeas corpus actions, and if granted leave to proceed in forma pauperis, plaintiff would not be subject to the provisions in § 1915, as amended in 1996 by the Prison Litigation Reform Act, applicable to prisoners filing a non-habeas civil action or appeal in federal court. See *United States v. Simmonds*, 111 F.3d 737 (10th Cir. 1997). Such provisions include obligating the prisoner to pay the full $350.00 district court filing fee over time, pursuant to § 1915(b)(1) and (2), and the "3-strike" provision in § 1915(g).